# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DVI, INC.<br>DVI FINANCIAL SERVICES, INC.<br>DVI BUSINESS CREDIT CORPORATION<br><br>Debtors. | Chapter 11 Case Nos.<br><br>03-12656-MFW<br>03-12657-MFW<br>03-12658-MFW<br><br>*Refers to Docket No. 265* |

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF WESTWOOD CAPITAL LLC AND (B) THE TERMS OF ENGAGEMENT, NUNC PRO TUNC FROM SEPTEMBER 4, 2003, AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession herein (the "Debtors"), for an Order authorizing and approving (A) the Committee's employment and retention of Houlihan Lokey Howard & Zukin Capital ("Houlihan") and Westwood Capiltal, LLC ("Westwood" and collectively with Houlihan, the "Advisors") as financial advisors to the Committee, pursuant to Sections 1102, 1103, 328 and 504 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (B) the terms of engagement of the Advisors, nunc pro tunc as of September 4, 2003, (Docket No. 265); and, it appearing from the Application and the affidavits of Amit Patel, an Officer of Houlihan and Matthew J. Pechinski, a Member of Westwood, that the Advisors are disinterested persons within the meaning of Bankruptcy Code Sections 101(14) and 101(31) and represents no interest adverse to Debtors, their estates, creditors or the Committee in the matters upon which it is to be engaged and is otherwise in compliance with Bankruptcy Rule 2014; and that the employment of the Advisors is necessary and in the best interests of Debtors and their estates; and good cause

28188

appearing therefor,

IT IS, HEREBY ORDERED:

1. That the employment and retention of Westwood as financial advisors for the Committee in the Debtors' Chapter 11 cases, be, and the same hereby is, approved, nunc pro tunc from September 4, 2003;

2. That the Advisors shall be employed on the terms and conditions described in the Application and the terms of engagement annexed thereto; and

3. That the compensation to be paid to the Advisors for financial advisory services rendered and disbursements incurred on behalf of the Committee shall be fixed by the Court upon appropriate application therefor in accordance with Sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, Local Rules of Bankruptcy Procedure and any other procedures fixed by this Court as may be applicable

4. The indemnification provisions set forth in the Terms of Engagement are approved, subject, during the pendency of the Debtors' bankruptcy cases to the following:

> (a) subject to the provisions of subparagraph (b), infra, the Debtors are authorized to indemnify, and shall indemnify, Westwood in accordance with the Terms of Engagement for any claim arising from, related to or in connection with the services provided for in the Terms of Engagement provided, however, that indemnification therefore is approved by the Court;
>
> (b) notwithstanding any provisions of the Terms of Engagement to the contrary, the Debtors shall have no obligation to indemnify Westwood or provided contribution or reimbursement to Westwood for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of Westwood, or (ii) settled prior to a judicial determination as to Westwood's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which Westwood should not receive indemnity, contribution or reimbursement under the Terms of Engagement as modified by this Order;
>
> (c) if, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these cases (that order having become a final order no longer subject to appeal),

and (ii) the entry of an order closing these Chapter 11 cases, Westwood believes that it is entitled to the payment of any amounts on account of the indemnification, contribution and/or reimbursement obligation under the Terms of Engagement (as modified by this Order), including without limitation the advancement of defense costs, Westwood must file an application therefor in this Court, and the Debtors may not pay any such amounts to Westwood before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Westwood and not a provision limiting the duration of the obligation to indemnify Westwood; and

(d) notwithstanding any provisions of the Terms of Engagement to the contrary, in the event that Westwood is required to contribute to any loses, claims, damages, liability or expenses, any limitation of such contribution in the Terms of Engagement Letter shall not apply.

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

Dated: ~~October~~ Dec 2, 2003

:701144-3